### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **AMZA OJGH, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01328-BP** |
| | § | |
| **WE REALIZE INC.,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are the Motion to Dismiss (ECF No. 5) that Cody Horchak filed on December 8, 2025; Response (ECF No. 10) that Amza OJGH, LLC ("Amza") filed on January 9, 2025; and Reply (ECF No. 11) that Horchak filed on January 23, 2026. After considering the pleadings and applicable legal authorities, the undersigned **GRANTS** the Motion (ECF No. 5) and **DISMISSES** Amza's claims against Horchak without prejudice.

## I.    BACKGROUND

This is a dispute regarding a commercial lease for twelve and a half acres of property in Fort Worth, Texas. ECF No. 1-1 at 29. Amza sues We Realize Inc. ("We Realize") and its chief executive officer, Horchak (collectively "Defendants"). Amza alleges Defendants "effectively abandoned the Premises . . . constituting a default under § D.10 of the Lease." *Id.* at 30. Amza argues the lease is currently in full force and effect, despite the Defendants' default. *Id.* Amza claims the abandonment constitutes fraud, breach of contract, and tortious interference with a contract. *Id.* at 35-36. It also argues Horchak can be held liable in his individual capacity because the Defendants pierced the corporate veil. *Id.* at 32.

Amza seeks a declaratory judgment stating the lease remains in effect and Defendants abandoned the premises; actual damages; exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a); attorney fees; and costs. *Id.* at 37.

## II.    LEGAL STANDARD

A court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process. *Captain Manjit Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). Texas' "long-arm statute extends to the limits of federal due process." *Id.* Thus, the Court conducts a two-step inquiry that "collapses into one federal due process analysis." *Id.* Due process requires that the defendant have minimum contacts with the forum state (that the defendant "purposely availed himself of the benefits and protections of the forum state") and that exercising jurisdiction would be consistent with "traditional notions of fair play and substantial justice." *Id.* (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

When a defendant has minimum contacts with the forum state, a court may exercise specific or general jurisdiction over the defendant. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction may "exist over a nonresident defendant whose contacts with the forum state are singular or sporadic only *if* the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (emphasis original) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). A defendant must purposely avail itself of the benefits and privileges of the forum state for that state to exercise specific jurisdiction over the defendant. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008).

"A court may assert general jurisdiction over [nonresident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Extensive contacts between a nonresident defendant and the forum are required for general jurisdiction to be present. *Johnston*, 523 F.3d at 609. "Vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 609-10 (quoting *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)).

In response to a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a *prima facie* case for the Court's jurisdiction over the defendants. *Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 710 (N.D. Tex. 2012) (citing *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)). Usually, district courts resolve jurisdictional issues without a hearing. *Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 742 (N.D. Tex. 2018) (citing *Ham*, 4 F.3d at 415) (footnote omitted). Where, as here, a hearing is not held, the plaintiff needs only to present a *prima facie* case. *Id.* (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnote omitted). "[P]roof by a preponderance of the evidence is not required." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). A court may consider the contents of the record at the time the motion is filed including "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985)). The Court must accept uncontroverted jurisdictional allegations in the plaintiff's complaint as true and resolve any factual conflicts in the plaintiff's favor. *Guidry*

*v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). But the "the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

When a motion for failure to state a claim is filed simultaneously with a motion for lack of personal jurisdiction, the motion for lack of "personal jurisdiction must be considered by the district court before other challenges 'since the court must find jurisdiction before determining the validity of a claim.'" *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citing *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988)).

If the Court determines that it lacks personal jurisdiction over the defendant, then dismissal without prejudice is appropriate. *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 665 (5th Cir. 2004) ("The district court's ruling on personal jurisdiction did not address the merits . . . and, as a result, the claim . . . should have been dismissed without prejudice for filing in an appropriate forum.").

## III.    ANALYSIS

Amza alleges in its complaint that "Horchak is a non-resident engaged in business in the State of Texas" who "purposefully and knowingly enjoyed the benefits of an agreement entered into with Plaintiff to be performed in Texas." ECF No. 1 at 32. Amza points to the lease agreement with We Realize as the agreement to be performed in Texas. *Id.* However, Horchak is not a party to that lease agreement between Amza as landlord and We Realize as the sole tenant. ECF No. 1-1 at 8. Horchak is not listed as a guarantor or as any other party to the lease. Instead, he is listed as a point of contact and signed the lease as We Realize's CEO and authorized representative. *Id.* at 20.

4

Amza argues the Court has both general and specific personal jurisdiction over Horchak. Horchak argues that Amza's allegations allege wrongdoing against We Realize, not him personally. ECF No. 5 at 3 (noting the allegations refer to the Defendants' abandonment of the premises, which would implicate We Realize's activities as sole tenant on the lease rather than Horchak's personal actions).

### A. The fiduciary shield doctrine applies to Horchak.

"[T]he fiduciary shield doctrine . . . prevents the exercise of personal jurisdiction based solely on acts undertaken in a defendant's corporate capacity." *Savoie v. Pritchard*, 122 F.4th 185, 191 (5th Cir. 2024). The doctrine is a creature of state law and applies in Texas. *See Stuart v. Spademan*, 772 F.2d 1185, 1199 (5th Cir. 1985). However, it "does not apply when courts are willing to disregard the corporate entity, usually on the theory that the individual or subsidiary is the alter ego of the corporation or parent." *Id.* at 1197. And the "fiduciary-shield doctrine is removed if the individual's personal interests motivate his actions . . . To prove this, a plaintiff must allege individual participation in the unlawful conduct challenged in the [c]omplaint." *Greathouse v. Capital Plus Fin. LLC*, 690 F. Supp. 3d 610, 629 (N.D. Tex. 2023) (cleaned up).

Here, the fiduciary-shield doctrine applies because Amza offers no facts showing that Horchak was motivated by his personal interests or that he individually participated in the allegedly unlawful conduct. Additionally, Amza does not show it would be appropriate to pierce the corporate veil.

### B. We Realize's corporate veil should not be pierced.

The choice-of-law rules of the forum state apply in federal court cases based on diversity jurisdiction. *Proxi Healthcare Staffing LLC v. Curative Talent, LLC*, No. 3:22-cv-2553-S, 2024 WL 779610, at *3 (N.D. Tex. Feb. 26, 2024). "Under Texas's choice-of-law rules, whether a

corporation, LLC, or individual may be held liable pursuant to a veil-piercing theory is determined by the law of the state in which the entity is organized." *Id*. (cleaned up). Delaware's veil-piercing laws apply in this case because We Realize was incorporated in Delaware. ECF No. 5-1 at 2.

> Delaware courts consider various factors in assessing whether to disregard the corporate form, including: (1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a façade for the dominant shareholder. No single factor is dispositive. Rather, [a]n ultimate decision regarding veil-piercing is largely based on some combination of these factors, in addition to 'an overall element of injustice or unfairness.'

*Cleveland-Cliffs Burns Harbor LLC v. Boomerang Tube, LLC*, No. 2022-0378-LWW, 2023 WL 5688392, at *5 (Del. Ch. Sept. 5, 2023).

Amza argues Horchak misrepresented We Realize's ability to be held responsible for the obligations under the lease and that Horchak used the "corporate form as a mere tool to perpetrate fraud for his own personal gain." ECF No. 10 at 13. Amza provides no factual basis for these conclusions. Amza does not offer any facts regarding We Realize's capitalization, solvency, corporate formalities, funds siphoning, or actions showing that the company functioned as a facade. Amza merely argues that Defendants harmed it based on unfair and unjust conduct. But that argument, even if true, is wholly insufficient to permit the Court to ignore We Realize's corporate entity. When considering the relevant factors, Amza has not provided sufficient facts on which the Court could pierce the corporate veil and find that We Realize is Horchak's alter-ego.

Amza has not met its burden to show that the Court should pierce the corporate veil, that Horchak was motivated by his personal interests, or that he individually participated in the alleged violations. Accordingly, the Court cannot exercise personal jurisdiction over Horchak based solely on actions he took as the CEO of We Realize. *Savoie*, 122 F.4th at 191.

6

C.      **There is no personal jurisdiction over Horchak even if the of fiduciary shield doctrine did not apply.**

Regardless of the applicability of the fiduciary shield doctrine, the Court lacks specific and general personal jurisdiction over Horchak.

The Court may exercise specific jurisdiction if Horchak "(1) purposefully availed [him]self of the privileges of conducting activities in [Texas]; and (2) the controversy arises out of or is related to [his] contacts with [Texas]." *Choice Healthcare*, 615 F.3d at 369. Amza argues Horchak purposefully availed himself of the privileges of conducting activities in Texas when he negotiated the lease. Further, the causes of action in the case relate to the lease. Finally, the exercise of personal jurisdiction is fair and reasonable because Horchak should have foreseen that his business activities in Texas would subject him to being sued here.

But Horchak is not a party to the lease agreement. *See* ECF No. 1-1 at 8. His negotiation and signature on the lease were in his role as We Realize's corporate officer. *Id.* at 20. There is no indication in the record that Horchak signed the lease in his individual capacity. And Amza does not establish a basis for specific personal jurisdiction based on Horchak's personal contacts with Texas because it has not pleaded any such contacts. Amza's allegations in its First Amended Complaint and Response to Horchak's Motion to Dismiss are insufficient to demonstrate that Horchak purposefully availed himself of the benefits and protections of Texas laws. Accordingly, the Court lacks specific personal jurisdiction over Horchak.

For the Court to exercise general jurisdiction over Horchak, his contacts with Texas must be "so 'continuous and systematic' as to render [him] essentially at home in the forum state." *Goodyear Dunlop Tires Operations*, 564 U.S. at 919. Horchak's contacts with Texas "must be substantial; random, fortuitous, or attenuated contacts are not sufficient." *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010).

7

Amza does not make a *prima facie* case establishing that Horchak maintained "continuous and systematic contacts" that would make him essentially at home in Texas. It argues that he is essentially at home in Texas because he "maintains numerous business locations [] throughout [] Texas . . . negotiated and executed the Lease at issue in this matter, which includes a choice [of] venue clause specifying Tarrant County . . . [and] direct[ed] [We Realize's] customers to remove their vehicles . . . to a separate location in the area." ECF No. 10 at 8. But Amza provides no facts regarding Horchak's other businesses in Texas. And its pleadings are insufficient to show that Horchak had so many contacts with Texas that it was in essence his home. Amza does not show Horchak has the extensive contacts with Texas that are required for general jurisdiction to be present. *Johnston*, 523 F.3d at 609. Instead, Amza's allegations are insufficient to support general jurisdiction because they are the "vague and overgeneralized" sort "that give no indication as to the extent, duration, or frequency of contacts." *Id.* at 609-10. Finally, all the alleged contacts Amza pleads relate to Horchak's activities in his capacity as We Realize's CEO rather than in his individual capacity. Accordingly, the Court lacks general personal jurisdiction over Horchak.

Because the Court lacks personal jurisdiction over Horchak, it need not analyze Horchak's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Busch v. Viacom Intern., Inc.*, 477 F. Supp. 2d 764, 774 (N.D. Tex. 2007) (when a court lacks personal jurisdiction over a party, it does not address the factual deficiencies of the claim presented in a 12(b)(6) motion to dismiss.).

## IV.    CONCLUSION

The Court lacks personal jurisdiction over Horchak because the fiduciary shield doctrine applies, and even if it did not, his contacts with Texas are insufficient to establish either general

8

or specific personal jurisdiction. Accordingly, the Court **DISMISSES** Amza's claims against

Horchak without prejudice.

It is so **ORDERED** on March 26, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE